█    GRACE DONNER et al., Respondents, v. NORTON NACH et al., Appellants.— In an action to recover damages for injuries to person and property, the defendants appeal from an order of the Supreme Court, Nassau County, entered May 12, 1958, granting plaintiffs' motion to set aside the jury's verdict in favor of defendants and for a new trial. Order reversed, with costs, motion denied, and verdict reinstated. While plaintiffs' automobile was making a U-turn in front of defendants' truck at an intersection, the vehicles collided, allegedly causing the injuries complained of. The jury found for defendants, but the Trial Justice set the verdict aside on the ground that the jury had ignored the testimony of the one "independent witness" who saw the accident. The "independent witness" was a 17-year-old boy who concededly was a friend of plaintiffs' family. There is no indication that the jury ignored the testimony of any witness or any evidence in the case. The jury was instructed, without exception, that the questions of fact and the credibility of witnesses were for the jury's exclusive determination. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

█    JEANNE GITTER, Appellant, v. IRVING SCHIFF, Respondent.— In an action to declare certain transactions usurious and void, and for other incidental relief, the plaintiff appeals: (1) from an order of the Supreme Court, Kings County, dated January 18, 1960, directing her to serve an amended complaint separately stating and numbering the causes of action alleged in her present complaint (Rules Civ. Prac., rule 90); and (2) from the decision on which said order was entered. Order affirmed, with $10 costs and disbursements. No opinion. Appeal from decision dismissed, without costs. No appeal lies from a decision (Smith v. D'Esposito, 249 App. Div. 649). Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.